### ROSENFELD v. SEGALOWITZ.

(Supreme Court, Appellate Term. July 1, 1910.)

CONTRACTS (§ 10*)—MUTUALITY.

A contract of employment, entitling plaintiff to a certain per cent. commission on all sales made by him and to a certain weekly salary, but silent as to plaintiff's obligations, was not void for want of mutuality, so as to prevent an action for services actually rendered by plaintiff thereunder.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. § 10.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by William G. Rosenfeld against Harris Segalowitz. Judgment for plaintiff, and defendant appeals. Modified, and, as modified, affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Bernard L. Deutsch, for appellant.
Alexander Wolf, for respondent.

GUY, J. This action was brought to recover wages under a written contract of employment, after an alleged breach by the defendant. The contract provides that the plaintiff shall be entitled to 7½ per cent. commission on all sales made by him, or which are indirectly due to his efforts, and that he shall receive $15 a week as salary, which shall be charged on account of said commissions, but is silent as to plaintiff's obligations thereunder. He was in the employ of the de-

fendant about ten weeks when the contract terminated, during which time he had regularly drawn the amount stipulated in the contract, but had only earned about $30 in commissions. He now seeks to recover the amount which he claims to be due as salary.

Appellant's statement in his brief that the agreement was that plaintiff was to receive the $15 per week as an advance on account of commissions, and not as salary, is a misstatement of the terms of the written agreement, deserving serious rebuke. It is urged by appellant that the contract was void for want of mutuality. The actual services rendered by the plaintiff under the contract form a sufficient basis for the maintenance of this action; but the recovery should be limited to the amount of salary agreed to be paid for the four weeks' services actually rendered, and the judgment should be modified, so as to reduce the amount thereof to $60 and appropriate costs in the court below, and, as modified, affirmed, without costs of appeal. All concur.